PER CURIAM.
R.B. was adjudicated delinquent for possession of cocaine and for obstruction of a police officer in the performance of his duty. He does not contest the adjudication with respect to the cocaine charge, but contends that the State failed to exclude his reasonable hypothesis of innocence, see D.M. v. State, 394 So.2d 520 (Fla. 3d DCA 1981), as to the obstruction charge. R.B. contends, in essence, that his failure to comply with the order to stop was not wrongful because he did not know that the person (dressed in plain clothes) who ordered him to stop was a policeman. Taking the record in the light most favorable to the State, R.B.’s hypothesis of innocence was negated by the fact that while running away, R.B. threw down a change purse containing cocaine. That action was consistent with knowledge that the pursuing person was a policeman, and inconsistent with R.B.’s claimed lack of knowledge. As R.B.’s hypothesis of innocence was, in the circumstances, an unreasonable one, the adjudication of delinquency was entirely proper.
Affirmed.